# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| VESTA INSURANCE GROUP, INC. ) | Case No.: 06-02517-TBB11 |
| and J. GORDON GAINES, INC., ) | Jointly Administered |
| ) | |
| Debtors. ) | Judge Thomas B. Bennett |
| ) | |

## MOTION OF DEBTOR J. GORDON GAINES, INC. TO APPROVE DISCLOSURE STATEMENT, APPROVE PROPOSED VOTING PROCEDURES, SCHEDULE HEARING TO CONSIDER CONFIRMATION OF DEBTOR'S PLAN OF LIQUIDATION AND APPROVE FORM OF NOTICE OF DISCLOSURE STATEMENT HEARING

Pursuant to Sections 105, 502, 1125, 1126 and 1128 of the Bankruptcy Code and Rules 2002, 3003, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtor J. Gordon Gaines, Inc. (the "Debtor") moves the Court to approve the Disclosure Statement Accompanying Plan of Liquidation of J. Gordon Gaines, Inc. (the "Disclosure Statement"), to approve proposed voting procedures, to schedule the hearing to consider confirmation of the Plan of Liquidation for the Debtor (the "Plan") and to approve the form of notice for the hearing to consider approval of the Disclosure Statement. In support of its Motion, the Debtor shows the Court as follows:

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On August 7, 2006 (the "Petition Date"), the Debtor filed a voluntary petition for bankruptcy relief under Chapter 11 of the Bankruptcy Code commencing this case. The Debtor has continued in possession of its properties and has continued to operate and manage its business as a

472006_1

debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner.

3.  The Debtor is a Delaware corporation headquartered in Birmingham, Alabama.

4.  The Debtor is a wholly-owned subsidiary of Vesta Insurance Group, Inc. ("VIG"). VIG is the parent corporation of a network of insurance companies that constitute the "Vesta Insurance Group."

5.  Vesta Fire Insurance Corporation ("Vesta Fire") is a wholly-owned subsidiary of VIG. Vesta Fire and its subsidiaries (collectively with Vesta Fire, the "Insurance Subsidiaries") were licensed to engage in the business of providing property and casualty insurance in various states. Vesta Fire owns or controls multiple insurance companies domiciled in three states -- Texas Select Lloyds Insurance Company ("Texas Select"), Vesta Insurance Corporation ("Vesta Insurance"), Shelby Casualty Company ("Shelby Casualty") and The Shelby Insurance Company ("Shelby Insurance") are domiciled in Texas; The Hawaiian Insurance & Guaranty Company, Ltd. ("HIG") is domiciled in Hawaii; and Florida Select Insurance Company ("Florida Select") is domiciled in Florida. Select Insurance Services, Inc. ("Select Insurance") is the attorney-in-fact for Texas Select. The Insurance Subsidiaries are subject to regulation by governmental agencies in the states in which they conduct business.

6.  The Debtor is the "management" subsidiary for the other entities within the Vesta Insurance Group. Pursuant to a certain Amendment and Restated Management Agreement dated as of January 1, 1999 (as amended, the "Management Agreement") between the Debtor and the Insurance Subsidiaries, the Debtor provided the personnel and infrastructure support for the Insurance Subsidiaries in the ordinary course of their respective businesses. The Debtor also provided an array of management and support services to VIG in the ordinary course of its business.

8. The Debtor seeks entry of an Order, substantially in the form of the Order attached hereto as <u>Exhibit A</u> (the "Disclosure Statement Order"):

    (a) approving the form and content of the Disclosure Statement;

    (b) approving the proposed voting procedures, including (i) establishing, for voting purposes only, a record holder date for the holders of claims and interests, (ii) approving the forms of ballots and ballot instructions, (iii) establishing procedures for the solicitation of votes on the Plan, (iv) establishing a voting deadline, and (v) establishing procedures for tabulating votes on the Plan with regard to holders of claims and equity interests; and

    (c) scheduling the hearing to consider confirmation of the Plan.

## I. The Disclosure Statement

9. Pursuant to Section 1125 of the Bankruptcy Code, a plan proponent must provide holders of impaired claims with "adequate information" regarding the debtor's proposed plan. In that regard, Section 1125(a)(1) provides:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1). Thus, a debtor's disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by impaired creditors entitled to vote on the plan. See <u>In re Dakota Rail, Inc.</u>, 104 B.R. 138, 142 (Bankr. D. Minn. 1989); <u>In re Copy Crafters Quickprint Inc.</u>, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of chapter 11 towards fair settlement through a negotiation process between informed interested parties").

- 3 -

472006_1

10.     In examining the adequacy of the information contained in a disclosure statement, the Court has broad discretion. See Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.), 844 F.2d 1142, 1157 (5th Cir. 1988), cert. denied, 488 U.S. 926 (1988); see also Dakota Rail, 104 B.R. at 143 (court has "wide discretion to determine . . . whether a disclosure statement contains adequate information without burdensome, unnecessary and cumbersome detail"). This grant of discretion was intended to facilitate consideration of the broad range of circumstances that accompany Chapter 11 cases. See H.R. Rep. No. 595, 95th Cong., 1st Sess. 408-09 (1977). Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case.

11.     In that regard, courts generally examine whether the disclosure statement contains the following types of information:

    (a)    the circumstances that gave rise to the filing of the bankruptcy petition;

    (b)    a description of the available assets and their value;

    (c)    the anticipated future of the debtor;

    (d)    the source of the information provided in the disclosure statement;

    (e)    a disclaimer indicating that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

    (f)    the condition and performance of the debtor while in Chapter 11;

    (g)    information regarding claims against the estate;

    (h)    the accounting and valuation methods used to produce the financial information in the disclosure statement;

    (i)    information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;

(j) a summary of the plan;

(k) an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

(l) the collectibility of any accounts receivable;

(m) any financial information, valuations or <u>pro forma</u> projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

(n) information relevant to the risks being taken by the creditors and interest holders;

(o) the actual or projected value that can be obtained from avoidable transfers;

(p) the existence, likelihood and possible success of non-bankruptcy litigation;

(q) the tax consequences of the plan; and

(r) the relationship of the debtor with its affiliates.

<u>See</u>, <u>e.g.</u>, <u>In re Scioto Valley Mortgage Co.</u>, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988).

12. The Debtor believes that the Disclosure Statement contains adequate information to enable the Debtor's creditors to make an informed decision whether to accept or reject the Plan, including a discussion of (i) the Plan, (ii) certain events preceding the filing of the Debtor's Chapter 11 case, (iii) the operation of the Debtor's business during the course of the Chapter 11 case, (iv) the assets and liabilities of the Debtor, (v) the claims against the Debtor, (vi) the relationships of the Debtor and its affiliates, and (vii) the liquidation of the Debtor's estate following confirmation of the Plan.

13. Therefore, the Disclosure Statement should be approved under Section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017.

472006_1

## II. Voting Procedures

### A. Record Holder Date For Holders Of Claims And Interests

14. Bankruptcy Rule 3017(d) provides that, for the purposes of voting solicitation, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record at the date the order approving the disclosure statement is entered." Accordingly, for voting purposes only, the Debtor requests that the Court establish the date that the Court signs the Disclosure Statement Order as the "Record Holder Date" for the holders of claims and interests. This establishment of the Record Holder Date is for voting purposes only and shall have no preclusive effect with regard to who is entitled to receive distributions under the Plan.

15. The Debtor proposes that only the following holders of claims and interests in the Voting Classes (as defined below) shall be entitled to vote with regard to such claims and interests: (i) the holders of filed proofs of claim as reflected, as of the close of business on the Record Holder Date, on the official claims register maintained by the Bankruptcy Court; (ii) the holders of scheduled claims that are listed in the Debtor's schedules of liabilities filed with the Court (as at any time amended, the "Schedules") as <u>not</u> contingent, unliquidated, or disputed claims (excluding scheduled claims that have been superseded by a filed proof of claim); and (iii) the holders of claims identified on any list filed by the Debtor with the Court prior to the date on which the Court enters an Order confirming a plan of liquidation for the Debtor; <u>provided, however,</u> that the assignee of a transferred and assigned claim (whether a filed or scheduled claim) shall be permitted to vote such claim **only** if the transfer and assignment has been noted on the Court's docket as of the close of business on the Record Holder Date.

16. The records maintained by the Debtor as of the close of business on the Record Holder Date may reflect that brokers, dealers, commercial banks, trust companies or other nominees

(collectively, the "Nominee Holders"), on behalf of and for the benefit of the beneficial owners (collectively, the "Beneficial Owners"), may hold shares of common stock, promissory notes or other instruments evidencing a present ownership interest in or an indebtedness of the Debtor. Accordingly, the Debtor requests that the Court enter an Order directing the Nominee Holders to forward the Solicitation Package (as defined below) to the Beneficial Owners within five (5) days of the receipt by such Nominee Holders.

17. The Debtor requests that the Court approve the foregoing procedures with regard to the record holders of claims and interests.

**B.  Form of Ballots**

18. Bankruptcy Rule 3018(c) provides, in relevant part, as follows:

> *Form of Acceptance or Rejection.* An acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or authorized agent, and conform to the appropriate official form.

19. Pursuant to the Plan, holders of claims in Class C (General Unsecured Claims), Class D (Subordinated Claims) and Class E (Shareholder Interests) are impaired and are entitled to vote (collectively, the "Voting Classes"). The Debtor proposes to mail a ballot (with instructions), substantially in the form of the ballots attached as <u>Exhibit B</u> hereto (the "Ballots"), to each holder of a claim in the Voting Classes whose name and address are known to the Debtor. These forms of ballots comply with Bankruptcy Rule 3018(c) and are based substantially on Official Form No. 14. These forms of ballots, however, have been modified to address the particular needs of this case. The Debtor requests that the Court approve the Ballots (and instructions).

## C. Procedures for Solicitation of Votes

20. Pursuant to Bankruptcy Rule 2002, a plan proponent is required to give creditors and equity holders not less than twenty-five (25) days notice of the time fixed for filing objections to, and the hearing on, confirmation of a plan of reorganization, unless the Bankruptcy Court shortens that time. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for purposes of soliciting their votes on a plan.

21. Under the Plan, as set forth above, only holders of claims and interests in the Voting Classes are impaired and are entitled to vote to accept or reject the Plan. All other classes of claims are unimpaired and deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code.

22. On or before the mailing date set forth in the Disclosure Statement Order, the Debtor proposes to mail or cause to be mailed to all known holders of claims and interests in the Voting Classes "Solicitation Packages," which will include:

   (a) notice of the confirmation hearing and related matters, substantially in the form of Exhibit C attached hereto (the "Notice"), setting forth the time fixed for filing acceptances and rejections to the Plan, the time fixed for filing objections to confirmation of the Plan, and the date and time of the hearing on confirmation;

   (b) a copy of the Disclosure Statement, as approved by the Court (with exhibits, including the Plan); and

   (c) a Ballot (with instructions), in substantially the form approved by the Court.

23. The Debtor proposes to mail the Solicitation Packages to the following holders of claims and interests (or to their respective Nominee Holders) in the Voting Classes under the Plan: (i) holders of claims, as of the Record Holder Date, that are listed in the Debtor's Schedules as not contingent, unliquidated, or disputed (excluding scheduled claims that have been superseded by filed

claims) and (ii) holders of claims and interests, as of the Record Holder Date, that are the subject of a filed proof of claim which has not been disallowed, disqualified or suspended prior to the Record Holder Date; provided, however, that the assignee of a transferred and assigned scheduled claim shall be permitted to vote such claim **only** if the transfer and assignment has been noted on the Court's docket as of the close of business on the Record Holder Date.

24. Bankruptcy Rule 3017(d) provides, in relevant part, as follows:

> If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the expense of the proponent of the plan, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

To holders of claims in all classes other than the Voting Classes, i.e., Administrative Claims, Priority Tax Claims, Class A (Priority Non-Tax Claims) and Class B (Secured Claims) and with respect to all known parties to executory contracts and unexpired leases who do not hold filed or scheduled claims (excluding claims scheduled as contingent, unliquidated or disputed), the Debtor proposes to send the Notice of Non-Voting Status substantially in the form attached hereto as Exhibit D, which identifies the classes designated as unimpaired and sets forth the manner in which copies of the Plan and Disclosure Statement may be obtained. The Debtor believes that this notice satisfies the requirements of Bankruptcy Rule 3017(d) and, accordingly, requests that the Court direct that copies of the Plan and Disclosure Statement need not be mailed to any holder of a claim or interest who is not entitled to vote to accept or reject the Plan, unless requested by the holder.

### D. Voting Deadline for Receipt of Ballots

25. The Debtor anticipates commencing the solicitation period as soon as possible and in all events within ten (10) business days after the Disclosure Statement Order is signed by the Court.

- 9 -
472006_1

In that regard, and pursuant to Bankruptcy Rule 3017(c), the Debtor proposes that, to be counted as votes to accept or reject the Plan, all ballots must be properly executed, completed and delivered to the person and the address specified in the Disclosure Statement Order, (a) by mail, in the return envelope provided with each ballot or (b) by personal delivery so that they are received by the Debtor no later than 4:00 p.m. Eastern Time, on the date established in the Disclosure Statement Order (the "Voting Deadline").

### E. Tabulation Procedures with Regard to Holders of Claims

26. The Debtor proposes that, for purposes of voting, the amount of a claim used to tabulate acceptance or rejection of the Plan shall be the amount set forth on the ballot for that particular creditor. In that connection, the Debtor proposes that the amount of a claim set forth on the ballot shall be one of the following:

 (a) the amount set forth as a claim in the Debtor's Schedules as <u>not</u> contingent, unliquidated, or disputed (excluding scheduled claims that have been superseded by filed claims);

 (b) the amount set forth on a filed proof of claim which has not been disallowed, disqualified, suspended, reduced or estimated and temporarily allowed for voting purposes prior to computation of the vote on the Plan;

 (c) the amount set forth on any list the Debtor files with the Court prior to the hearing on confirmation of the Plan; or

 (d) the amount estimated and temporarily allowed pursuant to an Order of this Court.

27. With respect to ballots submitted by holders of claims and interests, pursuant to Section 105 and 1126 of the Bankruptcy Code, the Debtor requests that:

 (a) any ballot which is properly completed, executed and timely returned to the Debtor that does not indicate an acceptance or rejection of the Plan shall be deemed to be a vote to accept the Plan;

- 10 -

472006_1

(b) any ballot which is returned to the Debtor indicating acceptance or rejection of the Plan but which is unsigned shall not be counted;

(c) whenever a creditor casts more than one ballot voting the same claim prior to the Voting Deadline, only the last timely ballot shall be counted;

(d) if a creditor casts duplicative ballots voted inconsistently, such ballots shall count as one vote accepting the Plan;

(e) each creditor shall be deemed to have voted the full amount of its claim;

(f) creditors shall not split their vote within a claim, and thus each creditor shall vote all of its claim within a particular class either to accept or reject the Plan;

(g) any ballots that partially reject and partially accept the Plan shall not be counted;

(h) any ballot received by the Debtor by telecopier, facsimile or other electronic communication shall not be counted; and

(i) any ballot which is returned to the Debtor indicating acceptance or rejection of the Plan, but which is signed by an agent of the claim holder, shall not be counted unless the capacity of such agent is reflected on the ballot.

28. The Debtor further requests that, for purposes of calculating the number of Allowed Claims (as defined in the Plan) in a class of claims held by holders of Allowed Claims in such class that have voted to accept or reject the Plan under Section 1126(c) of the Bankruptcy Code, all Allowed Claims held by one entity or any affiliate (including transferees and assignees of scheduled and filed claims) be aggregated and treated as one Allowed Claim in such Class.

29. The Debtor (or an independent company retained by the Debtor for this purpose) will tabulate all of the ballots timely served and properly completed, and at the hearing on confirmation of the Plan, the Debtor will report to the Court the results of the voting.

30. The Debtor believes that establishing the tabulation procedures set forth above is necessary to avoid any confusion resulting from incompletely or inconsistently executed ballots and will simplify the voting and tabulation process.

472006_1

## III. The Confirmation Hearing

31. The Debtor requests, in accordance with Section 1128(a) of the Bankruptcy Code and Bankruptcy Rule 3017(c), and subject to the Court's availability, that a hearing to consider confirmation of the Plan (the "Confirmation Hearing") be scheduled for December 14, 2006.

32. The Debtor further requests the Court to direct that any objections or proposed modifications to the Plan be in writing, state the nature of the objection or modification and the legal basis therefor, and be filed with and received by the Court, and served upon and received by the parties listed below, together with proof of service, no later than five (5) business days prior to the Confirmation Hearing:

| | | |
|---|---|---|
| (a) | The Debtor | Donald W. Thornton<br>J. Gordon Gaines, Inc.<br>3760 River Run Drive<br>Birmingham, Alabama 35243 |
| (b) | Counsel for the Debtor | Parker, Hudson, Rainer & Dobbs<br>1500 Marquis Two Tower<br>285 Peachtree Center Avenue, N.E.<br>Atlanta, Georgia 30303<br><u>Attn</u>: Rufus T. Dorsey, IV, Esq. |
| (c) | Bankruptcy Administrator | J. Thomas Corbett, Esq.<br>Office of the Bankruptcy Administrator<br>1800 5th Avenue North<br>Birmingham, Alabama 35203 |
| (d) | Counsel for Unsecured Creditors' Committee | Johnston Barton Proctor & Powell LLP<br>2900 Amsouth/Harbert Plaza<br>1901 6th Avenue North<br>Birmingham, Alabama 35203<br>Attn: Clark R. Hammond, Esq. |

472006_1

The proposed timing of service of objections and proposed modifications to the Plan will afford the Debtor sufficient time to file and serve a reply to such objections, if any, and to prepare adequately for the Confirmation Hearing.

## IV. Form of Notice of Disclosure Statement Hearing

33. The Debtor requests, in accordance with Bankruptcy Rule 3017(a), that the Court approve the form of Notice of Hearing to Consider Approval of Disclosure Statement for Plan of Liquidation of J. Gordon Gaines, Inc. (the "Hearing Notice"), a copy of which is attached hereto as Exhibit E.

34. The Hearing Notice sets the hearing for approval of the Disclosure Statement for November 9, 2006, sets the deadline to file objections to the proposed Disclosure Statement for November 6, 2006, and specifies that any party who fails to file and serve an objection in accordance with the terms of the Hearing Notice shall be barred from objecting and may not be heard at the hearing.

## V. Notice of Motion

35. The Debtor shall give notice of this Motion to all of the parties identified on the list attached to the certificate of service, which includes the Bankruptcy Administrator, counsel for the Unsecured Creditors' Committee, and all parties that have filed requests for notices in accordance with the Bankruptcy Rules. In light of the purely administrative nature of the relief requested, the Debtor believes that such notice is adequate and that no other or further notice need be given.

For all the foregoing reasons, the Debtor requests that the Court approve the Hearing Notice, approve the Disclosure Statement, approve the proposed voting procedures and schedule the Confirmation Hearing.

[Signature on following page]

Respectfully submitted, this 11th day of October, 2006.

        **PARKER, HUDSON, RAINER & DOBBS LLP**
        Counsel for J. Gordon Gaines, Inc.

        By:   *Rufus T. Dorsey, IV*
               C. Edward Dobbs
               Georgia Bar No. 223450
               Rufus T. Dorsey, IV
               Georgia Bar No. 226705

1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
(404) 523-5300 Telephone
(404) 522-8409 Facsimile

- 14 -

472006_1