# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VESTA INSURANCE GROUP, INC. | ) | Case No.: 06-02517-TBB11 |
| and J. GORDON GAINES, INC., | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Judge Thomas B. Bennett |
| | ) | |

## BALLOT SUMMARY REPORT REGARDING SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF J. GORDON GAINES, INC.

This Ballot Summary Report is being filed to facilitate the Court's findings with respect to confirmation of the Second Amended Chapter 11 Plan of Liquidation of J. Gordon Gaines, Inc. (the "Plan").

Pursuant to the terms of the Order Approving Disclosure Statement, Approving Proposed Voting and Solicitation Procedures, Scheduling Hearing to Consider Confirmation of Plan of Liquidation and Granting Related Relief (the "Order"), the Debtor J. Gordon Gaines, Inc. (the "Debtor") was responsible for the dissemination of solicitation materials for the Plan and the law firm Parker, Hudson, Rainer & Dobbs LLP ("PHRD"), the Debtor's counsel, was authorized to receive, analyze and tabulate all ballots (the "Ballots") from each holder of a claim or interest in the voting classes under the Plan. Tyronia M. Morrison, Esq. was assigned the task of collecting the Ballots on behalf of PHRD. An affidavit from Ms. Morrison (the "Morrison Affidavit") regarding the tabulation of the votes is attached hereto as <u>Exhibit 1</u>.

This Ballot Summary Report is also supported by the affidavit of Jack C. Basham, Esq. (the "Basham Affidavit") regarding the solicitation process. A true and correct copy of the Basham Affidavit is attached hereto as <u>Exhibit 2</u>.

479265_2

A.  **The Solicitation Process**

PHRD, on behalf of the Debtor, distributed solicitation materials to creditors and other parties-in-interest pursuant to the instructions set forth in the Order. A detailed discussion of the solicitation process is set forth in the Basham Affidavit.

The following table describes the Voting Classes and indicates the number of creditors in each voting class that received a Ballot and related solicitation materials:

| Class | Class Description | Number of Solicitation Packages Transmitted |
|---|---|---|
| C | Unsecured Creditors | 738 |
| D | Subordinated Claims | 0 |
| E | Shareholders | 1 |

B.  **Analysis of the Tabulation Process and Ballots**

As set forth in the Morrison Affidavit, ballots were only received from one class of voters, the class of unsecured creditors. A total of 134 Ballots were received by Ms. Morrison, of which sixteen (16) Ballots were not counted because the Ballots either were not properly completed, did not indicate an acceptance or rejection of the Plan, or stated that there was no claim amount.[1] Therefore, only 118 Ballots were properly executed and tabulated.

| Adjusted Ballot Total: | No. of Ballots | Amount of Claim | % |
|---|---|---|---|
| Total Ballots Received | 134 | $15,812,652.59 | 100.00% |
| Unacceptable Ballots | (16) | $25,697.80 | 11.94% |
| **Adjusted Ballot Total** | **118** | **$15,786,954.79** | **88.06%** |

The composition of Ballots voting to accept the Plan (the "Accepting Ballots") is as follows:

---

[1] All of these Ballots purported to vote for the Plan or did not indicate either an acceptance or rejection of the Plan.

| Analysis of Composition of Acceptances | No. of Ballots | Amount of Claim | % |
|---|---|---|---|
| Acceptances with filed POC[2] | 33 | $470,119.47 | 39.45% |
| Acceptances with Ballot Only | 39 | $463,402.68 | 38.89% |
| Acceptances with Vesta POC Only | 7 | $27,428.54 | 2.30% |
| Acceptances with Priority POC Only | 37 | $230,656.47 | 19.36% |
| | 116 | $1,191,607.16 | 100.00% |

In determining the final calculations of the number of accepting creditors and the corresponding dollar amount of claims, the Debtor has applied the following conventions: (a) the Debtor has excluded acceptances where the claimants only filed a proof of claim in the Vesta Insurance Group, Inc. bankruptcy case; (b) the Debtor excluded acceptances from claimants who only filed a priority claim; (c) the Debtor included acceptances from claimants who filed proofs of claims; and (d) the Debtor included acceptances that only submitted a Ballot, but did not file a proof of claim. The result of the Debtor's calculation is that 72 creditors filed acceptances for a total claim amount of $933,522.15.

The composition of Ballots voting to reject the Plan (the "Rejection Ballots") is as follows:

| Analysis of Composition of Rejections | No. of Ballots | Amount of Claim | % |
|---|---|---|---|
| Rejection from Vesta Fire | 1 | $14,617,006.96 | 99.97% |
| Rejection with Priority POC Only | 1 | $4,038.47 | 0.03% |
| | 2 | $14,621,045.43 | 100.00% |

The Debtor has filed an objection to the claim of the insider, Vesta Fire Insurance Corporation, and asserts that this Rejection Ballot should not be considered pursuant to 11 U.S.C. § 502(a). Additionally, the other Rejection Ballot was submitted by a person who only filed a priority claim. As stated in the Plan, priority claimants are deemed to have accepted the Plan and are not entitled to vote. Therefore, the Debtor submits that there are no rejections for purpose of determining the vote of this class.

---

[2] As used herein, the term "POC" shall mean proof of claim.

Pursuant to 11 U.S.C. § 1126(c), a "class of claims has accepted a plan if such plan has been accepted by creditors...that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class." The Debtor submits that all properly considered ballots voted in favor of the Plan, and this provision has been satisfied.

| Acceptances/Rejections Relating to Adjusted Ballot Total: | No. of Ballots | Amount of Claim | % |
|---|---|---|---|
| Acceptances | 72 | $933,522.15 | 100.00% |
| Rejections | 0 | $0.00 | 0.00% |
|  | 72 | $933,522.15 | 100.00% |

Respectfully submitted, this 14th day of December, 2006.

        **PARKER, HUDSON, RAINER & DOBBS LLP**
        Counsel for J. Gordon Gaines, Inc.

        By:   */s/Rufus T. Dorsey, IV*
             C. Edward Dobbs
             Georgia Bar No. 223450
             Rufus T. Dorsey, IV
             Georgia Bar No. 226705

1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
(404) 523-5300 Telephone
(404) 522-8409 Facsimile